## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**SEE, Inc.,**
**a Michigan corporation**

     ***Plaintiff,***

**v.**

    Case No.  2:16-cv-13261

**See Concept SAS, a French company**

    ***JURY TRIAL REQUESTED***

    ***Defendant.***

# COMPLAINT FOR TRADEMARK
# INFRINGEMENT AND JURY DEMAND



Plaintiff See, Inc., by and through its undersigned counsel, for its Complaint against Defendant See Concept SAS ("See Concept").

## NATURE AND BASIS OF ACTION

1.      This is an action by See, Inc., a Michigan Corporation, against See Concept for trademark infringement, unfair competition, violation of the Michigan Consumer Protection Act ("MCPA") and breach of contract.

2.      On January 7, 2015, SEE, Inc. sued See Concept in this Court alleging trademark infringement, unfair competition, and violation of the MCPA.  That case was assigned case number 2:15-cv-10047-NGE-RSW (the "2015 Lawsuit").

3.      On or about October 19, 2015, SEE, Inc. and See Concept entered into a settlement agreement resolving the 2015 Lawsuit (the "Settlement Agreement"). As a result of this settlement agreement, SEE, Inc. and See Concept agreed to dismiss the 2015 Lawsuit without prejudice.  Accordingly, on October 30, 2015, the 2015 Lawsuit was dismissed without prejudice.

4.      See Concept has failed to comply with its obligations under the Settlement Agreement.  Accordingly, SEE, Inc. is re-filing the 2015 Lawsuit, along with new claims for breach of the Settlement Agreement.   SEE, Inc. seeks injunctive relief and damages for trademark infringement under Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114 ("The Lanham Act"), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and federal common law, unfair competition under state common law, and violation of the Michigan Consumer Protection Act



1

("MCPA"), MCL § 445.901, *et seq*.  SEE, Inc. further seeks injunctive relief and damages for See Concept's breach of the Settlement Agreement.

## THE PARTIES

5.      SEE, Inc. is a Michigan Corporation with its principal place of business at 19800 West Eight Mile Road, Southfield, Michigan 48075.

6.      Upon information and belief, See Concept is a French company with its principal place of business at 7 Rue Commines 75003, Paris, France.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1331, as this case arises under the Lanham Act, 15 U.S.C. §§ 1071, 1114, 1125(a) and (c).

8.      Personal jurisdiction is proper in this Court because Defendant has conducted business within the State of Michigan, thereby purposely availing itself of the privilege of acting in the State of Michigan.  Pendent or supplemental jurisdiction of this Court exists for the state law claims stated herein, because they arise out of a common nucleus of operative facts with those from which the federal claims arise.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

10.      Personal jurisdiction and venue are also appropriate in this District because, in the Settlement Agreement, the parties agreed that "the U.S. District Court for the Eastern District of Michigan shall retain jurisdiction to hear any disputes arising out of this Settlement Agreement."



2

## FACTUAL ALLEGATIONS

11.   Since 1998, SEE, Inc. has provided has offered unique, high-end affordable designer prescription and non-prescription sunglasses and eyeglasses, custom made from all over the world, including France, Italy, Belgium, Austria, Spain and Germany.   SEE, Inc. also sells readymade reading glasses ("Readers") and contact lenses.   SEE, Inc. sells these eyeglasses at See branded stores throughout the United States including in the State of Michigan.   SEE, Inc. also offers optometrist services at its store locations.   These goods and services will be referred to as the "SEE Goods and Services."

12.   SEE, Inc. also maintains a website at www.seeeyewear.com.   SEE, Inc. displays its eyeglass products on the website, but only sells its eyeglasses at its brick and mortar stores.

13.   SEE, Inc. is the owner of several federal trademark registrations as shown in the table below.

| Mark | Reg.  No. and Date | Goods and Services |
|---|---|---|
| SEE | Reg. No. – 2,254,048<br>Reg. Date – 6/15/1999<br>Priority Date – 1/2/1997<br><br>(Incontestable) | Optical frames for eyeglasses and sunglasses; cases, desktop holders, pouches with cleaning cloths sold as a unit, chains, and cords all for eyeglasses and sunglasses in Class 9<br><br>Retail optical store services in Class 35 |



| | | |
|---|---|---|
| SEE EYEWEAR | Reg. No. – 2,974,100<br>Reg. Date – 7/19/2005<br><br>(Incontestable) | Optical frames for eyeglasses and sunglasses; cases, desktop holders, pouches with cleaning cloths sold as a unit, chains, and cords all for eyeglasses and sunglasses in Class 9<br><br>Retail optical store services in Class 35 |
| SEE SELECTIVE EYEWEAR ELEMENTS | Reg. No. – 2,366,733<br>Reg. Date – 7/11/2000<br>Priority Date – 11/10/1997<br><br>(Incontestable) | Optical frames for eyeglasses and sunglasses; cases, desktop holders, pouches with cleaning cloths sold as a unit, chains, and cords all for eyeglasses and sunglasses in Class 9<br><br>Retail optical store services in Class 35<br><br>Optometric and Optician Services in Class 42 |

Printouts of the foregoing registrations from the U.S. Patent and Trademark Office trademark database are attached as Exhibit A.   These marks will collectively be referred to as the "SEE Trademarks."

14.   The SEE Trademarks were registered more than five years ago and have become incontestable within the meaning of 15 U.S.C. §1065, the registrations constitute conclusive evidence of SEE, Inc.'s trademark ownership,



SEE, Inc.'s exclusive right to use the marks throughout the United States and the validity of the registrations and the marks. *See* 15 U.S.C. §1115(b).

15.     Since at least 1998, SEE, Inc. has continuously used the SEE Trademarks in interstate commerce in connection with the SEE Goods and Services.

16.     As a result of SEE, Inc.'s extensive and long-term promotional and marketing efforts, and the quality of the SEE Goods and Services, the SEE Trademarks have become widely and favorably known throughout the United States, and are valuable assets of SEE, Inc. and a symbol of its goodwill. Customers have come to associate and identify the SEE Trademarks exclusively with SEE, Inc.

17.     Since at least 2011, SEE, Inc. has used the SEE Trademarks in close proximity with the word "concept" on its website, as shown in the image below, which was retrieved from https://web.archive.org/web/20120103144633 /http://seeeyewear.com/index.aspx:



18.     Upon information and belief, Defendant See Concept, directly or through its distributors, before the 2015 Lawsuit, had recently begun advertising and selling eyeglasses, and in particular, Readers, under the trademark SEE



Concept throughout the United States, including in this District. Below is an image of See Concept's Readers bearing the See Concept mark:



19.     As shown in the images below, See Concept's Readers are similar to SEE, Inc.'s eyeglasses and Readers in style, appearance, and content and, therefore, directly compete with SEE, Inc.'s eyeglasses and Readers.



SEE, Inc.'s Readers



See Concept's Readers



20.    On May 7, 2014, See Concept filed an application in the U.S. Patent and Trademark Office for SEE CONCEPT and Design for "optical apparatus, namely, glasses, sunglasses, lorgnettes, spectacles, optical character readers, magnifying glasses not for medical purposes, frames, cases, holders and chains therefore."  This application was registered on December 23, 2014 at Registration Number 4659159 (the "'159 Registration").   A true and correct copy of this registration is attached hereto as Exhibit B.

21.    On information and belief, See Concept's adoption and use of SEE CONCEPT is an intentional and obvious attempt to trade on the goodwill established in the SEE Trademarks.

22.    On information and belief, because the SEE CONCEPT mark is confusingly similar to the SEE Trademarks and is used in conjunction with the same or related goods and services, consumers are likely to believe that Defendant and its goods and services are affiliated with or sponsored, authorized or endorsed by SEE, Inc.

### THE 2015 LAWSUIT AND THE SETTLEMENT AGREEMENT

23.    Upon learning of See Concept's use of the mark SEE CONCEPT in the marketplace, SEE, Inc. filed the 2015 Lawsuit.

24.    On October 19, 2015, SEE, Inc. and See Concept attempted to resolve the 2015 Lawsuit by entering into the Settlement Agreement.



25.    As consideration for the Settlement Agreement, See Concept agreed that it would cease using the mark SEE CONCEPT in the United States after January 31, 2016.

26.    See Concept further agreed that it would cease using the mark SEE CONCEPT in the rest of North America after April 30, 2016.

27.    Despite having agreed to cease all use of SEE CONCEPT by January 31, 2016, See Concept continued to use the SEE CONCEPT mark in commerce, including on its website and on social media, as shown in the images below and in Exhibit C, attached hereto:







This behavior constitutes a direct violation of the Settlement Agreement.

28.    See Concept has also informed customers in North America (namely Mexico), that they can buy See Concept glasses online (as shown in the image below), in direct violation of the Settlement Agreement.



29.    The foregoing breaches of the Settlement Agreement are material breaches.  Moreover, by failing to abide by the terms of the Settlement Agreement,



See Concept has increased the already rampant confusion that exists between the SEE Trademarks and See Concept.

30.    On May 31, 2016, SEE, Inc. sent See Concept a letter informing See Concept of these material breaches and giving See Concept ten (10) days to cure these breaches of the Settlement Agreement.   See Concept failed to cure these breaches within ten (10) days.

31.    See Concept's actions have caused irreparable harm to SEE, Inc.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT – §32 OF THE LANHAM ACT

32.    SEE, Inc. incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

33.    Despite SEE, Inc.'s well-known prior rights in the SEE Trademarks, See Concept has, without SEE, Inc.'s consent, used in commerce a colorable imitation of the "SEE" Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

34.    SEE, Inc.'s federal registrations on the Principal Register of the U.S. Patent and Trademark Office for the SEE Trademarks are *prima facie* and/or conclusive evidence of the validity of the marks, Plaintiff's ownership of the marks, and Plaintiff's exclusive right to use the marks in commerce in connection with the listed goods and services, pursuant to the Lanham Act, 15 U.S.C. § 1115.



35.     See Concept's use of colorable imitations of the SEE Trademarks has been and continues to be done with the intent to cause confusion, mistake and to deceive consumers concerning the source and/or sponsorship of Defendant's goods and services.

36.     As a direct and proximate result of Defendant's actions, SEE, Inc. has suffered and will continue to suffer irreparable harm to the valuable SEE Trademarks and to its business, goodwill, reputation and profits.  Unless Defendant is restrained from further infringement of the SEE Trademarks, SEE, Inc. will continue to be irreparably harmed. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

37.     The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

38.     SEE, Inc. is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees.

### COUNT II - FEDERAL UNFAIR COMPETITION
### AND FALSE DESIGNATION OF ORIGIN OR
### SPONSORSHIP – § 43(a) OF THE LANHAM ACT

39.     SEE, Inc. incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.



40. The SEE Trademarks, as more fully described above, are well-established marks that serve to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively for the use of SEE, Inc. for its Goods and Services.

41. See Concept has knowingly used and continues to use colorable imitations of the SEE Trademarks in connection with the goods and services that Defendant advertise, promote and sell. See Concept's actions render this case exceptional within the meaning of 15 U.S.C. §1117(a).

42. Upon information and belief, prior to the See Concept's use of the SEE CONCEPT mark, See Concept had actual and constructive knowledge of SEE, Inc.'s use and ownership of the SEE Trademarks in connection with the SEE Goods and Services.

43. Upon information and belief, Defendant has used and continues to use, and has expressed an intent to expand its use of, the SEE CONCEPT mark in a manner that is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant and Defendant's goods and services, and is likely to cause consumers to believe in error that Defendant's goods and services have been authorized, sponsored, approved, endorsed, or licensed by SEE, Inc. or that Defendant is affiliated with SEE, Inc.

44. Defendant's use of the SEE CONCEPT mark constitutes false designations of origin and/or sponsorship and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).



12

45.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer irreparable harm to the valuable SEE Trademarks and its business, goodwill, reputation and profits. Unless Defendant is restrained from further infringement of the SEE Trademarks, SEE, Inc. will continue to be irreparably harmed.

46.     An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

## COUNT III - STATE UNFAIR COMPETITION – MICHIGAN COMMON LAW

47.     SEE, Inc. incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

48.     By their acts alleged herein, Defendant has engaged in unfair competition under the common law of the State of Michigan.

49.     Defendant is liable to SEE, Inc. for unfair competition under the common law of Michigan.

50.     Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

51.     As a direct and proximate cause of Defendant's conduct, SEE, Inc. has suffered, is suffering and will continue to suffer irreparable damages in an amount to be proved at trial.

52.     An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.



## COUNT IV - VIOLATION OF MICHIGAN
## CONSUMER PROTECTION ACT ("MCPA")

53.　SEE, Inc. incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

54.　Defendant's sale of its products constitutes "trade or commerce" within the meaning of § 445.902(1)(g) of the Michigan Consumer Protection Act ("MCPA"), MCL § 445.901, et seq.

55.　Defendant's actions as set forth above have and are causing confusion or misunderstanding as to the source, sponsorship, approval and/or certification of goods or services within the meaning of the MCPA.  MCL § 445.903(1)(a).

56.　SEE, Inc. has suffered irreparable harm as a direct and proximate result of Defendant's actions.

57.　An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

## COUNT V – COMMON LAW TRADEMARK
## INFRINGEMENT

58.　SEE, Inc. incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

59.　SEE, Inc. first used the SEE Trademarks to sell the SEE Goods and Services in 1998.  The SEE Trademarks have become widely known throughout the United States and consumers have come to identify SEE, Inc. as the exclusive source of the goods and services to which the SEE Trademarks are applied. Therefore, the SEE Trademarks are or have become distinctive.



60.     See Concept, with knowledge of and with intentional disregard of SEE, Inc.'s rights, continue to advertise, promote, and sell goods and services using the SEE Trademarks or colorable imitations thereof.  Such acts by the See Concept have caused and continue to cause confusion as to the source and/or sponsorship of See Concept's goods and services.

61.     See Concept's acts constitute willful infringement of SEE, Inc.'s exclusive rights in the SEE Trademarks in violation of common law.

62.     As a direct and proximate result of See Concept's conduct, SEE, Inc. has suffered irreparable harm to the valuable SEE Trademarks. Unless See Concept is restrained from further infringement of the SEE Trademarks, SEE, Inc. will continue to be irreparably harmed.

63.     An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

## COUNT VI – CANCELLATION

64.     SEE, Inc. incorporates and realleges, as if fully set forth in this paragraphs, the allegations of the foregoing paragraphs.

65.     The '159 Registration is likely to cause confusion, mistake or deception with SEE, Inc. and the SEE Trademarks, and is likely to cause purchasers and others to believe erroneously that See Concept's goods are SEE, Inc.'s goods or that See Concept or its goods are connected with, sponsored by or approved by Plaintiff, thereby creating a likelihood of confusion for the goods for which it is registered.



15

66.   The '159 Registration is damaging to SEE, Inc.

67.   The '159 Registration has been registered for less than five years.

68.   The '159 Registration should be cancelled pursuant to 15 U.S.C. § 1064.

## COUNT VII – BREACH OF CONTRACT

69.   SEE, Inc. incorporates and realleges, as if fully set forth in this paragraphs, the allegations of the foregoing paragraphs.

70.   See Concept has breached the Settlement Agreement by continuing to use SEE CONCEPT on its website and social media pages after January 31, 2016.

71.   See Concept has breached the Settlement Agreement by continuing to use SEE CONCEPT for sale of glasses in North America April 30, 2016.

72.   See Concept failed to cure these material breaches within ten (10) days of receiving notice from SEE, Inc.

73.   As a direct and proximate result of See Concept's breaches, SEE, Inc. has sustained damages.

74.   On information and belief, SEE, Inc. believes that additional breaches of the Settlement Agreement by See Concept will be uncovered during discovery.

75.   Under Section XII of the Settlement Agreement, SEE, Inc. is entitled to all costs, including attorneys' fees.



## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in its favor against Defendant as follows:

A.     A determination that the Defendant has violated 15 U.S.C. § 1125(a), that SEE, Inc. has been damaged by such violations, and that the Defendant is liable to SEE, Inc. for such violations;

B.     A determination that the Defendant has violated 15 U.S.C. § 1114(1)(a), that SEE, Inc. has been damaged by such violations, and that Defendant is liable to SEE, Inc. for such violations;

C.     A determination that the See Concept has committed common law trademark infringement, that SEE, Inc. has been damaged by such infringement, and that See Concept is liable to SEE, Inc. for common law trademark infringement;

D.     A determination that the Defendant has committed common law unfair competition, that SEE, Inc. has been damaged by such unfair competition, and that Defendant is liable to SEE, Inc. for common law common law unfair competition;

E.     A determination that Defendant has violated the Michigan Consumer Protection Act, and award of all damages, including costs and reasonable attorneys' fees, as authorized by that Act;

F.     A determination that Defendant has breached the Settlement Agreement, and an award of all damages, including costs and reasonable attorneys' fees, as specifically provided for by the Settlement Agreement;



17

G.    A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

H.    Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining Defendant, its employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1) imitating, copying, or making any unauthorized use of the SEE Trademarks;

(2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the SEE Trademarks;

(3) using any false designation of origin or false description or performing any act which is likely to lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant is in any manner associated or connected with SEE, Inc. or is sold, manufactured, licensed, sponsored, approved or authorized by SEE, Inc.;

I.    For an Order directing that Defendant deliver for destruction all products, labels, badging, tags, signs, prints, packages, videos, adwords and advertisements in their possession or under their control, bearing or using the SEE Trademarks or any simulation, reproduction, counterfeit, copy or colorable



imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

J. For an Order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant is authorized by SEE, Inc. or related in any way to the SEE Goods and Services, including but not limited to use of search engine optimization technology and other technology that would circumvent the Orders prayed for hereunder;

K. For an Order directing the Defendant and its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon SEE, Inc.'s counsel within thirty (30) days after entry of such judgment, a written report under oath, setting in detail the manner and form in which they have complied with such judgment;

L. For an Order permitting SEE, Inc., and/or auditors of SEE, Inc., to audit and inspect the books, records, and premises of Defendant and related corporations for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendant's past use of SEE, Inc.'s intellectual property, including all manufacturing, distribution, and sales of products bearing any of the SEE Trademarks, as well as the Defendant's compliance with the orders of this Court;



19

M.     For an award of SEE, Inc.'s costs and disbursements incurred in this action, including SEE, Inc.'s reasonable attorneys' fees;

N.     For an award of SEE, Inc.'s damages trebled or, alternatively, an award of Defendant's wrongful profits trebled, whichever is greater, plus SEE, Inc.'s costs and attorneys' fees, pursuant to 15 U.S.C. § 1117;

O.     For an award of SEE, Inc.'s damages arising out of Defendant's acts;

P.     For an Order requiring Defendant to file with the Court and provide to SEE, Inc. an accounting of all sales and profits realized by Defendant through the use of the SEE Trademarks and any counterfeits, reproductions, copies, or colorable imitations thereof;

Q.     For an Order directing the U.S. Patent and Trademark Office to cancel the '159 Registration.

R.     For an award of interest, including pre-judgment interest on the foregoing sums;

S.     For such other and further relief as the Court may deem just and appropriate.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and 5(d), Plaintiff demands a jury trial of all issues triable by jury.



20

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: <u>September 9, 2016</u>

 <u>/s/ Mark A. Cantor</u>
Mark A. Cantor (P32661)
Rebecca J. Cantor (P76826)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  mcantor@brookskushman.com
             rcantor@brookskushman.com

*Attorneys for Plaintiff SEE, Inc.*

